MANATT, PHELPS & PHILLIPS, LLP
SCOTT M. PEARSON (Bar No. 173880)
Email: spearson@manatt.com
2049 Century Park East, Suite 1700
Los Angeles, California 90067
Telephone: 310.312.4000
Facsimile: 310.312.4224

BRANDON WONG (Bar No. 327372)
Email: bwong@manatt.com
695 Town Center Drive, 14th Floor
Costa Mesa, CA 92626
Telephone: 714.338.2722
Facsimile: 714.371.2550

*Attorneys for Defendants*
  CREDITNINJA LENDING, LLC and
  NINJASERVICING, LLC

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH SILVA, an individual on behalf of himself, all others similarly situated, and the general public,<br><br>Plaintiff,<br><br>v.<br><br>CREDITNINJA LENDING, LLC, a Delaware limited liability company; NINJASERVICING, LLC, a Delaware limited liability company; and JOHN DOES 1 through 10,<br><br>Defendants. | Case No. **'24CV1870 MMA AHG**<br><br>**CONTRACT**<br><br>**NOTICE OF REMOVAL**<br><br>*[Removed from San Diego Superior Court, Case No. 24CU009015C]*<br><br>[Filed concurrently with:<br>(1) Appendix of State Court Documents;<br>(2) Civil Case Cover Sheet;<br>(3) F.R.C.P. 7.1 Disclosures;<br>(4) Proof of Service.]<br><br>Complaint Filed: September 3, 2024<br>Amended Complaint Filed: October 4, 2024 |

403440164.9

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW

NOTICE OF REMOVAL

**TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that defendants CreditNinja Lending, LLC and NinjaServicing, LLC (together, "Defendants") hereby remove this action from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California.  Defendants remove the action pursuant to 28 U.S.C. §§ 1332(d)(2), 1441(a), 1446, and 1453(b) on the grounds that the requirements for removal under the federal Class Action Fairness Act ("CAFA"), are satisfied.

Defendants deny the allegations made by and the relief sought by plaintiff Joseph Silva ("Silva"), without waiving any defenses or obligations that may exist in their favor.  Defendants will provide additional evidence to support the allegations of this Notice of Removal to the extent required if a challenge is made to this Court's jurisdiction.  *See* 28 U.S.C. § 1446(a); *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) (notice of removal need only include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold").

## I.    PLEADINGS, PROCESS, AND ORDERS

1.    On September 3, 2024, Silva commenced an action against Defendants in the Superior Court of the State of California for the County of San Diego, Case No. 24CU009015C, by filing a Class Action Complaint for Unfair Competition and False Advertising (the "Complaint").

2.    On October 4, 2024, Silva filed a First Amended Class Action Complaint (the "Amended Complaint").

3.    The Amended Complaint asserts causes of action against Defendants under California Business and Professions Code § 17200, *et seq.* and § 17500, *et seq.*  (Am. Compl. ¶¶ 68-93.)  Based on those purported claims, the Amended

Complaint seeks restitution, injunctive relief including "public injunctive relief," and attorneys' fees and costs. (Am. Compl., "Prayer for Relief" at 14-15.)

4.      The Amended Complaint is styled as a class action. (Am. Compl. ¶¶ 60-67.) Plaintiff seeks to represent two classes "defined as follows":

*Class 1:* All individuals who, within four years prior to the filing of this complaint, obtained a loan from, through, by way of, or with the assistance of Defendants with:

(a) an original principal loan amount of between $2,500 and $9,999, inclusive, and an APR of 43% or greater;

(b) an original principal loan amount of between $1 and $349, inclusive, and an APR of 30.1% or greater;

(c) an original principal loan amount of between $350 and $499, inclusive, and an APR of 27.9% or greater;

(d) an original principal loan amount of between $500 and $999, inclusive, and an APR of 26.8% or greater; and/or

(e) an original principal loan amount of between $1,000 and $2,499, inclusive, and an APR of 24.8% or greater.

Class 2: All individuals in California who, within four years prior to the filing of this complaint, made any payments on any loan obtained from, through, by way of, or with the assistance of Defendants where that loan:

(a) was issued on or after January 1, 2020, with an original principal loan amount of between $2,500 and $9,999, inclusive, and an APR of 43% or greater;

(b) was issued with an original principal loan amount of between $1 and $349, inclusive, and an APR of 30.1% or greater;

(c) was issued with an original principal loan amount of between $350 and $499, inclusive, and an APR of 27.9% or greater;

(d) was issued with an original principal loan amount of between $500 and $999, inclusive, and an APR of 26.8% or greater; *and/or*

(e) was issued with an original principal loan amount of between $1,000 and $2,499, inclusive, and an APR of 24.8% or greater.

(*Id.* ¶ 60.)  Silva's purported causes of action are alleged on a class-wide basis and seek class-wide relief.  (*Id.* ¶¶ 68-92.)  Furthermore, Silva's Prayer for Relief seeks restitution to "Plaintiff, on behalf of himself, the members of the proposed Class[es], and the general public" and "public injunctive relief . . . ."  (*Id.* at 15.) This action is thus a putative class action removable under 28 U.S.C. § 1332(d)(2).

5.      Silva caused the Complaint to be served on each of the Defendants on September 16, 2024 by personally serving Defendants' agent for service of process.

6.      Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all pleadings, process, and orders served on Defendants in the state court action are attached hereto as **Exhibits 1-11**.

## II.    THE REMOVAL IS TIMELY

7.      This Notice of Removal is timely pursuant to 28 U.S.C. §§ 1446(b) and 1453 because Defendants filed and served it within 30 days after service of the Complaint on September 16, 2024.  *See, e.g.*, *Jordan v. Nationstar Mortg., LLC*, 781 F.3d 1178, 1180 (9th Cir. 2015).

8.      No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

## III.    THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION

9.      This Court has original subject matter jurisdiction over this action pursuant to CAFA because (a) it is a class action with a putative class of more than 100 members; (b) there is diversity of citizenship between one or more members of the putative classes and one or more of Defendants; and (c) the amount in

controversy exceeds $5,000,000, exclusive of interest and costs.  *See* 28 U.S.C. §§ 1332(d), 1453.

10.    CAFA authorizes removal of such actions in accordance with 28 U.S.C. §§ 1446 and 1453(b).  As set forth herein, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice of Removal.

11.    Plaintiff originally brought this action in the San Diego County Superior Court.  Therefore, venue lies in the Southern District of California pursuant to 28 U.S.C. §§ 84(d), 1441(a), and 1446(a).

## A.    The Putative Class is Sufficiently Numerous

12.    Under 28 U.S.C. § 1332(d)(5)(B), the number of members of all proposed plaintiff classes must equal or exceed 100 in the aggregate for the action to be removable under CAFA.  Silva correctly alleges that the size of each putative class "comprises at least hundreds of persons."  (Am. Compl. ¶¶ 61-62.) Accordingly, the action may be removed under CAFA.

## B.    Defendants are not Governmental Entities

13.    CAFA does not apply to class actions where "primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief."  28 U.S.C. § 1332(d)(5)(B).

14.    Defendants are both Delaware limited liability companies.  (Am. Compl., ¶¶ 11-12.)  Thus, neither Defendant is a state, state official, or other government entity exempt from CAFA.

## C.    There is Diversity of Citizenship Between the Parties.

15.    CAFA's minimal diversity requirement is satisfied, thus making the putative class action removable, if "any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A).  Minimal diversity of citizenship exists here because Silva and Defendants were and are

citizens of different states both at the time the action was commenced in state court and at the time of removal.

16.    For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled.  *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  Furthermore, allegations of residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship. *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994).

17.    At the time Plaintiff commenced this action and, upon information and belief, at the time of removal, Plaintiff was and is a citizen of and resides in the State of California.  (Am. Compl. ¶ 10.)

18.    Defendants are now, and were at the time the Complaint and Amended Complaint were filed, citizens of a state other than the state of California within the meaning of 28 U.S.C. § 1332(c)(1).  Under CAFA, the citizenship of a limited liability company is determined in the same manner as an unincorporated association, which is a citizen of "the State where it has its principal place of business and the State under whose laws it is organized."  28 U.S.C. § 1332(d)(10); *Davis v. HSBC Bank Nev., N.A.*, 557 F.3d 1026, 1032 & n.12 (9th Cir. 2009) (Kleinfeld, J., concurring) ("CAFA abrogates the traditional rule that an unincorporated association shares the citizenship of each of its members for diversity purposes . . . ."); *Jack v. Ring, LLC*, 553 F. Supp. 3d 711, 715 (N.D. Cal. 2021) (same).

19.    Defendants are citizens of Delaware because they were formed under Delaware law.  Defendants are also citizens of Illinois, because their corporate headquarters are located in Chicago, Illinois.  Defendants are not citizens of California.

20. The presence of Doe defendants in this case has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(a); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

21. Accordingly, the named Plaintiff is a citizen of a state different from Defendants, and diversity exists for purposes of CAFA jurisdiction. *See* 28 U.S.C. §§ 1332(d)(2)(A), 1453.

### D. The Amount in Controversy Exceeds $5,000,000

22. Under the removal statute, "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). "The amount in controversy embraces '[monetary relief], costs of compliance with injunctions, attorneys' fees awarded under contract or fee shifting statutes' and 'future attorney's fees recoverable by statute or contract.'" *Frias-Estrada v. Trek Retail Corp.*, 534 F. Supp. 3d 1058, 1061 (N.D. Cal. 2021) (quoting *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018)).

23. In *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014), the Supreme Court recognized that, "as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." The notice of removal need not be supported by evidence. *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020). Only if the plaintiff contests or the court questions the allegations of the notice of removal is supporting evidence required. *Dart Cherokee*, 574 U.S. at 89. "[T]he defendant's amount-in-controversy allegation should be accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal court diversity jurisdiction. *Id.* at 87.

24. For purposes of determining whether the amount in controversy has been satisfied, the Court must presume that the plaintiff will prevail on his claim.

*See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F. 3d 1092, 1096 (11th Cir. 1994)).  The ultimate inquiry is what amount is put "in controversy" by the allegations of a plaintiff's complaint, not the defendant's actual liability.  *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (even when the court is persuaded the amount in controversy exceeds $5,000,000, defendants "are still free to challenge the actual amount of damages in subsequent proceedings and at trial" because they are only estimating the amount in controversy).

25.    Defendants deny the validity and merits of the entirety of Silva's purported claims and the claims for monetary, injunctive, and other relief that flow therefrom.  For purposes of removal only, however, and without conceding that Silva or the putative class is entitled to any remedies whatsoever, Defendants allege that the amount in controversy exceeds CAFA's jurisdictional minimum of $5,000,000.

26.    Plaintiff asserts causes of action against Defendant for alleged violations of California Business and Professions Code §§ 17200 and 17500, *et seq.* (Am. Compl. ¶¶ 69-93.)

27.    If Defendants were required to pay individual and class restitution of allegedly unlawful interest paid on loans originated or serviced in California during the four year limitations period (Am. Compl. ¶ 60; *id*. p. 15), Defendants allege based on their business records that it would cause financial damage to them in excess of $5,000,000.  Furthermore, if this Court were to order the public injunctive relief requested by Silva, Defendants allege that the cost to Defendants would exceed the jurisdictional requirement, exclusive of interest and costs.  Silva also seeks attorneys' fees and costs which are included in the amount in controversy. *See Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (citing *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018)).

Thus, the amount in controversy threshold requirement under 28 U.S.C. § 1332(d)(6) is satisfied.

## IV.    **COMPLIANCE WITH STATUTORY REQUIREMENTS**

28.    In accordance with 28 U.S.C. § 1446(d), Defendants will provide written notice of the filing of this Notice of Removal to counsel of record for Silva, and Defendant will promptly file a Notice of Removal of Action to Federal Court with the Clerk of the San Diego County Superior Court.

29.    By filing this Notice, Defendants do not waive and expressly reserve any defenses that may be available to them, including, without limitation, any defenses relating to being a wrongfully named defendant, service of process and jurisdiction, and any claim that this action is subject to mandatory arbitration. Defendants further do not concede that the allegations in the Amended Complaint state a valid claim under any applicable law.

30.    Defendants reserve the right to submit additional factual support, evidence, and affidavits to support the basis for federal jurisdiction, if necessary, at the appropriate time.

WHEREFORE, Defendants hereby remove this action from the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California pursuant to CAFA.

Dated:        October 15, 2024        MANATT, PHELPS & PHILLIPS, LLP
                                        SCOTT M. PEARSON
                                        BRANDON WONG


                                        By: /s/ Scott M. Pearson
                                            Scott M. Pearson


                                        Attorneys for Defendants
                                        CREDITNINJA LENDING, LLC
                                        and NINJASERVICING, LLC

# EXHIBIT 1

Exhibit 1
1

**SUM-100**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

# SUMMONS
## (CITACION JUDICIAL)

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
9/5/2024 5:29:48 PM

Clerk of the Superior Court
By M. Reyes          ,Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CreditNinja Lending, LLC, a Delaware limited liability company; NinjaServicing, LLC, a Delaware limited liability company; and John Does 1–10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Joseph Silva, an individual on behalf of himself, all others similarly situated, and the general public

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Hall of Justice | CASE NUMBER: *(Número del Caso):* 24CU009015C |
|---|---|

330 West Broadway, San Diego, CA 92101

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Dan Terzian, Warren Terzian LLP, 222 N. Pacific Coast Highway, Suite 2000, Los Angeles, CA 90245; (213) 410-2620

| DATE: September 5, 2024 *(Fecha)* | 9/12/2024 | Clerk, by *(Secretario)* | M. RM M. Reyes | , Deputy *(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* CreditNinja Lending, LLC
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☑ other *(specify):* Limited Liability Company
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ]   [ Save this form ]          [ Clear this form ]

Exhibit 1
2

# EXHIBIT 2

Exhibit 2
3

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<div>

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

9/5/2024 5:29:48 PM

Clerk of the Superior Court
By M. Reyes         ,Deputy Clerk

</div>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CreditNinja Lending, LLC, a Delaware limited liability company; NinjaServicing, LLC, a Delaware limited liability company; and John Does 1–10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Joseph Silva, an individual on behalf of himself, all others similarly situated, and the general public

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Hall of Justice<br><br>330 West Broadway, San Diego, CA 92101 | **CASE NUMBER:**<br>*(Número del Caso):*<br>24CU009015C |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Dan Terzian, Warren Terzian LLP, 222 N. Pacific Coast Highway, Suite 2000, Los Angeles, CA 90245; (213) 410-2620

| DATE: ~~September 5, 2024~~   9/12/2024<br>*(Fecha)* | Clerk, by   M. R⁀   M. Reyes<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* NinjaServicing, LLC

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* Limited Liability Company
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ]   [ Save this form ]        [ Clear this form ]

Exhibit 2
4

# EXHIBIT 3

Exhibit 3
5

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| WARREN TERZIAN LLP; Dan Terzian (SBN 283835)<br>222 N. Pacific Coast Highway, Suite 2000; Los Angeles, CA 90245 | |

TELEPHONE NO.: (213) 410-2620          FAX NO. :
EMAIL ADDRESS: dan.terzian@warrenterzian.com
ATTORNEY FOR *(Name):* Plaintiff Joseph Silva

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

9/3/2024 3:50:49 PM

Clerk of the Superior Court
By C. Miranda           ,Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN DIEGO
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego 92101
BRANCH NAME: Hall of Justice

CASE NAME:
Silva v. CreditNinja Lending, LLC

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $35,000) | [ ] Limited<br>(Amount<br>demanded is<br>$35,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 24CU009015C |
| | | | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [x] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [x] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [ ] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* Two (unfair competition and false advertising)
5. This case [x] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 3, 2024

Dan Terzian
_____
(TYPE OR PRINT NAME)                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

Exhibit 3
6

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice— Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. January 1, 2024]
**CIVIL CASE COVER SHEET**
Page 2 of 2

For your protection and privacy, please press the Clear

Exhibit 3
7

# EXHIBIT 4

Exhibit 4
8

1  **WARREN TERZIAN LLP**
   Thomas D. Warren (SBN 160921)
2  *tom.warren@warrenterzian.com*
   Dan Terzian (SBN 283835)
3  *dan.terzian@warrenterzian.com*
   Erick Kuylman (SBN 313202)
4  *erick.kuylman@warrenterzian.com*
   222 N. Pacific Coast Highway, Suite 2000
5  Los Angeles, CA 90245
   T: (213) 410-2620
6
   *Counsel for Plaintiff*
7  *Joseph Silva*

8

9

10
              SUPERIOR COURT OF THE STATE OF CALIFORNIA
11                    FOR THE COUNTY OF SAN DIEGO

12

13 | JOSEPH SILVA, an individual on behalf of | Case No.
14 | himself, all others similarly situated, and the |
   | general public, | **Class Action Complaint for:**
15 |
   |                    Plaintiff, | 1. **Unfair Competition (California**
16 |                                | **Business & Professions Code §§ 17200**
   |           v. | *et seq.*);
17 |                                | 2. **False Advertising (California Business**
   | CREDITNINJA LENDING, LLC, a | **and Professions Code §§ 17500** *et seq.*)
18 | Delaware limited liability company; |
   | NINJASERVICING, LLC, a Delaware | **Declaration of Joseph Silva pursuant to Cal.**
19 | limited liability company; and JOHN DOES | **Civ. Proc. Code § 396a(a)**
   | 1–10, |
20 |
   |                    Defendants. |
21

22

23

24

25

26

27

28

WARREN
TERZIAN LLP

1

1  **I.    INTRODUCTION**

2      1.      Over 200% APR. That's the interest rate on Defendants CreditNinja and

3  NinjaServicing's loans to Plaintiff Joseph Silva, a Californian.

4      2.      Defendants peddle their high-interest loans in states throughout this nation. In some

5  states, the loans are legal. In other states, like California, the loans are illegal. The maximum interest

6  rate in California has never exceeded 42%.

7      3.      Defendants' conduct in both sets of states is essentially identical. They market the

8  same loan product, under the same trademarked "CreditNinja" name. They originate the loans.

9  And they service the loans.

10     4.      The one difference? In states where 200% APR loans are legal, Defendants name

11 themselves as the lender in the loan contracts.

12     5.      But in states where it's illegal, Defendants name two entities in those contracts: one

13 of Defendants as the loan servicer and a Utah state-chartered bank as the purported lender.

14     6.      This is a sham. Defendants are the true lender on these loans.

15     7.      Defendants can't use this rent-a-bank scheme to immunize themselves from

16 California law. Courts have repeatedly held that rent-a-bank schemes and similar rent-a-tribe

17 schemes are illegal and can't circumvent state law. *E.g.*, *Consumer Fin. Prot. Bureau v. CashCall,*

18 *Inc.*, No. 15-cv-7522, 2016 WL 4820635, at *6 (C.D. Cal. Aug. 31, 2016); *People v. Miami Nation*

19 *Enters.*, 2 Cal. 5th 222, 252–56 (2016). These schemes have even landed folks in federal prison. *E.g.*,

20 U.S. Department of Justice, Scott Tucker Sentenced To More Than 16 Years In Prison For

21 Running $3.5 Billion Unlawful Internet Payday Lending Enterprise, https://www.justice.gov/usao-

22 sdny/pr/scott-tucker-sentenced-more-16-years-prison-running-35-billion-unlawful-internet-payday

23 (Jan. 5, 2018).

24     8.      For these reasons, California law applies to these loans and invalidates them.

25     9.      This action seeks to hold Defendants accountable for their illegal loans in California.

26 It seeks restitution and a public injunction.

27 **II.    PARTIES**

28     10.     Plaintiff Joseph Silva is a natural person domiciled in San Diego County, California.

1      11.    Defendant CreditNinja Lending, LLC is a Delaware limited liability company.

2  CreditNinja Lending does business as CreditNinja. CreditNinja Lending was previously named

3  KMD Partners, LLC. KMD also did business as CreditNinja.

4      12.    Defendant NinjaServicing, LLC is a Delaware limited liability company.

5      13.    Plaintiff does not know the names of the defendants sued as John Does 1 through 10

6  but will amend this complaint when that information becomes known. Plaintiff alleges on

7  information and belief that each of the Doe defendants is affiliated with the named defendant in

8  some respect and is in some manner responsible for the wrongdoing alleged herein, either as a direct

9  participant, or as the principal, agent, successor, alter ego, or co-conspirator of the named

10  defendant. For ease of reference, Plaintiff will refer to the named defendants and the John Doe

11  defendants collectively as "Defendants."

12      14.    Defendants CreditNinja Lending and NinjaServicing are alter egos of each other and

13  function as a common enterprise. They have a unity of interest and ownership such that they are not

14  legally separate. And upholding the corporate forms would sanction fraud or promote an injustice.

15      15.    Defendants are also liable as co-conspirators, as they are aware of each others'

16  wrongful conduct, agreed with that conduct, and intended that the wrongful act be committed.

17  **III.    JURISDICTION AND VENUE**

18      16.    Venue is proper in this judicial district pursuant to California Code of Civil

19  Procedure section 395(b) because, among other reasons, the borrower resided in this County when

20  he entered the contract.

21      17.    Because Plaintiff does not allege that he himself lacks an adequate remedy at law with

22  respect to his claim for restitution, there is no federal equitable jurisdiction over that claim. And

23  because Plaintiff brings his claim for public injunctive relief to protect future potential California

24  customers of Defendants, but does not allege that he himself faces an actual or imminent threat of

25  injury, Plaintiff lacks Article III standing to assert a public injunctive relief claim. Since federal

26  courts lack jurisdiction over these claims for relief, removal of this complaint to federal court would

27  be improper.

28

1    18.    This action seeks solely restitution of unjust enrichment and public injunctive relief.

2  It does not seek damages.

3  **IV.  FACTS**

4    **A.    The California Financial Code caps the interest rate on consumer loans under $10,000.**

5    19.    The California Financial Code limits the interest rate that lenders may charge on

6  loans under $10,000.

7    20.    CreditNinja Lending is a licensed California Finance Lender and has been since at

8  least 2018.

9    21.    CreditNinja Lending is therefore subject to the California Financial Code and must

10  comply with it.

11    **1.    California law caps the interest rate on consumer loans at no more than 42% APR.**

12

13    22.    California law limits the interest rates that lenders may charge on consumer loans of

14  $2,500 to $9,999. Cal. Fin. Code § 22304.5. The maximum interest rate for these loans is 36%, plus

  the federal funds rate. *Id.*

15

16    23.    Since January 1, 2020, the federal funds rate has never exceeded 6%.

17    24.    Thus, the statutory maximum interest rate for all such loans issued since January 1,

  2020, has been no greater than 42%.

18

19    25.    California law also limits the interest rate on loans under $2,500. The maximum rate

20  on these loans is no more than 30% per year. Cal. Fin. Code § 22303.

21    **2.    Loans exceeding these limits are void.**

22    26.    If a lender willfully charges, contracts for, or receives more than the maximum

23  interest rate, the loan contract is void. Cal. Fin. Code § 22750(a). So no person has any right to

  collect or receive any principal, charge, or recompense in connection with that transaction. *Id.* The

24

  same goes if the lender willfully violated the California Financial Code. *Id.* § 22750(b).

25

26    27.    If a lender charges, contracts for, or receives more than the maximum interest rate

27  for a reason other than a willful act, the lender forfeits all interest and charges on the loan. Cal. Fin.

  Code § 22751. All the lender is allowed to collect is the loan's principal. *Id.*

28

28.    To prevent companies from circumventing the law by involving an out-of-state lender at some step in the lending process, California law provides that "[a]ny person who contracts for or negotiates in this state a loan to be made outside the state for the purpose of evading or avoiding the provisions of this division is subject to the provisions of this division." Cal. Fin. Code § 22324.

29.    For these reasons, even if a court were to hold (incorrectly) that Defendants do not have the predominant economic interest in the loans and that a bank is the true lender, Defendants would still violate California law by negotiating for and contracting the loans to be made out of state.

30.    Defendants willfully violated California law.

**B.    Defendants devise a rent-a-bank scheme in an unsuccessful attempt to evade California law.**

31.    In an attempt to create a veneer of legitimacy, Defendants implemented a rent-a-bank scheme. It crafts the loan contract as purportedly between a Utah state-chartered bank (such as Capital Community Bank) and the California consumer. The bank is wholly located in the State of Utah and has no branches outside that state.

32.    But what Defendants put on paper does not change the reality: they are the true lenders on these loans.

33.    Defendants are the true lender because they handle all acquisition, all marketing, and all servicing of the loans. On information and belief, Defendants also handle all underwriting on the loans.

34.    Defendants market the loans as "CreditNinja" loans. "CreditNinja" is a registered trademark owned by CreditNinja Lending. The stated purpose of the trademark is "For: Consumer lending services; Installment loans; providing personal loans and lines of credit."

35.    The loans are available only through the website creditninja.com, which is owned and operated by Defendants.

36.    Consumers cannot obtain any of these loans through Capital Community Bank. In fact, the bank's website does not mention or reference these loans in any way. Instead, Capital Community Bank focuses exclusively on "serving the banking needs of Utah residents" and

"businesses through our branch offices located in St. George, Salem, Provo, Pleasant Grove, Orem, and Sandy"—all cities in Utah.

37.    Creditninja.com has a "State Licenses and Disclosures" webpage. That webpage contains "California Disclosures" for all loans issued in California. This disclosure has a copy of California Department of Financial Protection and Innovation licenses for CreditNinja Lending and NinjaServicing.

38.    Defendants all share the same corporate address.

39.    The managers of both CreditNinja Lending and NinjaServicing are identical. Both entities have the same three managers: Mark Friedgan, Kenneth Schultz, and David Shorr.

40.    On creditninja.com, Defendants boast about how they issue the loans through the platform:

> CreditNinja's online personal loans offer a convenient way to borrow money from the comfort of your home. They can be used for a variety of purposes and offer a straightforward application process. CreditNinja can guide you through the process and help you understand what to expect when applying for an online personal loan.
>
> ....
>
> At CreditNinja, we offer personal loan products including traditional installment loans. Our flexible repayment terms are meant to be a more sustainable financial solution over other kinds of quick loans.
>
> ....
>
> A CreditNinja loan is designed to provide borrowers with their approved funds ASAP. We know that when you're going through a stressful financial situation, you need your money fast. That's why our application allows for a streamlined approval process consumers can complete in just a few minutes!
>
> ....
>
> At CreditNinja, our interest rates (and APR) depend on what product you pick, how much money you borrow, and your financial history. We try to keep our eligibility criteria easy and attainable, so while approved borrowers must have a source of income and a bank account, there is no minimum credit score requirement!

41.    On creditninja.com, Defendants also instruct all website visitors on the process of obtaining loans through the website. For example, the website instructs that:

- "Apply online easily";

6

COMPLAINT

Exhibit 4
14

- "Our online application is quick and simple. All you need is to provide some basic information";

- "CreditNinja is here to provide a safe and reliable option for borrowers struggling with low credit.... CreditNinja gives borrowers options for larger loan amounts, competitive rates, and longer repayment periods than many other online lenders"; and

- "Once you sign for your loan, your money may get directly deposited the same day."

42.    All of the statements on the creditninja.com website are representations by Defendants. None are made by or on behalf of any Utah bank.

43.    Defendants are nationwide lenders. In states without usury laws, on information and belief, Defendants identify one of themselves as the lender in the loan contracts.

44.    However, in states with usury laws that prohibit these high-interest loans (such as California), Defendants employ the rent-a-bent scheme and claim that the loans are issued by a Utah state bank (such as Capital Community Bank), with Defendants supposedly just "servic[ing]" and "maintain[ing]" the loans through Defendants' website.

45.    This rent-a-bank scheme is a sham. Defendants are the true lenders.

46.    Defendants' loans issued under this rent-a-bank scheme specify that:

- Payments shall be delivered to CreditNinja (not to the bank); and

- Correspondence concerning the loan must be sent to CreditNinja.

**C.    Defendants issued usurious loans to Mr. Silva.**

47.    Mr. Silva learned of Defendants through communications that he received from them by mail and email.

48.    Defendants have issued two usurious loans to Mr. Silva.

49.    For example, in February 2024, Mr. Silva applied for a loan through creditninja.com.

50.    On his loan application, Mr. Silva listed his home address in California.

51.    Defendants approved the loan application.

52.    Defendants issued Mr. Silva a loan of $1,100 with an interest rate of over 220%, more than *eight times* California's statutory maximum.

53. The loan contract is a pre-printed form contract. The terms were dictated by Defendants, and Plaintiff had no opportunity for negotiation or modification.

## V.   PUBLIC INJUNCTIVE RELIEF

54. Plaintiff seeks a public injunction for the benefit of the general public of the State of California. Public injunctive relief is relief that by and large benefits the general public. *McGill v. Citibank, N.A.*, 2 Cal. 5th 945, 955 (2017). Any benefits to the plaintiff are either incidental or come from him being a member of the general public. *Id.*

55. Injunctive relief under the UCL is relief that has "the primary purpose and effect" of prohibiting unlawful acts that threaten future injury to the general public. *Id.*

56. Public injunctive relief can be sought by any person who has lost money as a result of the unfair business practice. *Id.* at 959.

57. Obtaining public injunctive relief does not require class certification. *Id.* at 960.

58. Defendants' business practices threaten future injury to the general public of the State of California.

59. Defendants' business practices are injurious to the general public. Public injunctive relief is therefore warranted.

## VI.   CLASS ALLEGATIONS

60. Plaintiff brings this lawsuit as a class action under the California Code of Civil Procedure. The putative class ("Class") is defined as follows:

> *Class 1*: All individuals in California who, within four years prior to the filing of this complaint, obtained a loan from, through, by way of, or with the assistance of Defendants with:
>
> (a) an original principal loan amount of between $2,500 and $9,999, inclusive, and an APR of 43% or greater;
>
> (b) an original principal loan amount of between $1 and $349, inclusive, and an APR of 30.1% or greater;
>
> (c) an original principal loan amount of between $350 and $499, inclusive, and an APR of 27.9% or greater;
>
> (d) an original principal loan amount of between $500 and $999, inclusive, and an APR of 26.8% or greater; *and/or*

(e) an original principal loan amount of between $1,000 and $2,499, inclusive, and an APR of 24.8% or greater.

Excluded from Class 1 are all employees of Defendants and any judicial officer assigned to this case.

*Class 2*: All individuals in California who, within four years prior to the filing of this complaint, made any payments on any loan obtained from, through, by way of, or with the assistance of Defendants where that loan:

(a) was issued on or after January 1, 2020, with an original principal loan amount of between $2,500 and $9,999, inclusive, and an APR of 43% or greater;

(b) was issued with an original principal loan amount of between $1 and $349, inclusive, and an APR of 30.1% or greater;

(c) was issued with an original principal loan amount of between $350 and $499, inclusive, and an APR of 27.9% or greater;

(d) was issued with an original principal loan amount of between $500 and $999, inclusive, and an APR of 26.8% or greater; *and/or*

(e) was issued with an original principal loan amount of between $1,000 and $2,499, inclusive, and an APR of 24.8% or greater.

Excluded from Class 2 are all employees of Defendants and any judicial officer assigned to this case.

61.     For the purposes of this complaint, Class 1 and Class 2 are collectively referred to as the Class.

62.     *Numerosity*. The size of the Class comprises at least hundreds of persons. The size of the Class grows daily.

63.     *Ascertainability*. The members of the Class can be ascertained from Defendants' business records.

64.     *Common Questions of Fact or Law*. The lawsuit is suitable for class treatment because questions of law and fact have common answers that are the same for the Class, and those questions predominate over questions affecting only individual members. These common questions of law and fact include:

•     Whether Defendants are the true lender on the loans;

•     Whether the loans are governed by California law;

- Whether Defendants willfully charged an interest rate in excess of what's allowed under California law;

- Whether Defendants' noncompliance with California law is willful;

- Whether the loans are void; and

- The appropriate remedies for Defendants' misconduct.

65. *Typicality and Adequacy*. Plaintiff's claims are typical of the claims of the members of the Class. The evidence and the legal theories about Defendants' alleged wrongful conduct are substantially the same for Plaintiff and all members of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class and have no interests adverse to them.

66. *Superiority*. This action is superior to other available methods for fairly and efficiently adjudicating the issues. Class certification will not present any significant management difficulties. Class certification would also conserve judicial resources and avoid the possibility of inconsistent judgments. The expense and burden of individual litigation would make it very difficult or impossible for individual Class members to redress the wrongs done to them without a class action.

67. *Conduct on Grounds that Apply to the Class*. Defendants have acted or refused to act on grounds that apply generally to the Class.

## VII.  CAUSES OF ACTION

68. Plaintiff re-alleges and incorporates by reference all the preceding paragraphs and allegations in each of the following causes of action.

### FIRST CAUSE OF ACTION
**for Unfair Competition (Bus. & Prof. Code §§ 17200 *et seq.*)**
**by Plaintiff, on behalf of Plaintiff, all others similarly situated, and the general public, against Defendants**

69. The Unfair Competition Law, Business and Professions Code sections 17200 *et seq.* ("UCL"), defines unfair competition to include any "unlawful" or "unfair" business act or practice. Cal. Bus. & Prof. Code § 17200.

70. Plaintiff and the Class' loan transactions with Defendants are "consumer loans" under California Financial Code section 22203.

WARREN
TERZIAN LLP

1    71.    Plaintiff and the Class' loans with Defendants have interest rates that are more than

2    quadruple the legal limit in California.

3    72.    By issuing loans to Plaintiff and the Class that bear interest in excess of the maximum

4    rate authorized by the California Financial Code, Defendants have engaged in a business practice

5    that is "unlawful" under the UCL. *De La Torre v CashCall, Inc.*, 5 Cal. 5th 966, 976–81 (2018) (the

6    UCL "supplies a cause of action to police" conduct that is declared unlawful by the California

7    Financial Code).

8    73.    In connection with Plaintiff and the Class' loan transactions, Defendants willfully

9    contracted for, charged, and received interest in excess of the maximum rate permitted by California

10    Financial Code sections 22303 and 22304.5.

11    74.    Apart from the rent-a-bank scheme, Defendants are separately liable because they

12    violated California Financial Code section 22324. "Any person who contracts for or negotiates in

13    this state a loan to be made outside the state for the purpose of evading or avoiding the provisions of

14    this division is subject to the provisions of this division." Cal. Fin. Code § 22324. Defendants

15    contracted for a loan to be purportedly made outside California for the purpose of evading California

16    interest rate caps.

17    75.    The loan contracts at issue are "unlawful" under the UCL because the loans violate

18    California Civil Code section 1670.5 and California Financial Code section 22302(b). California

19    Civil Code section 1670.5 states: "If the court finds as a matter of law the contract or any clause of

20    the contract to have been unconscionable at the time it was made the court may refuse to enforce the

21    contract …." California Financial Code section 22302(b) states: "A loan found to be

22    unconscionable pursuant to Section 1670.5 of the Civil Code shall be deemed to be in violation of

23    this division and subject to the remedies specified in this division."

24    76.    Separately, a loan contract that includes an interest rate term so high that it is

25    "unreasonably … harsh," "unduly oppressive," or "so one-sided as to shock the conscience" is

26    deemed unconscionable. *See De La Torre*, 5 Cal. 5th at 972. A contract or its terms is unconscionable

27    if it is both procedurally and substantively unconscionable. *Armendariz v. Found. Health Psychcare*

28    *Servs., Inc.*, 24 Cal. 4th 83, 114 (2000).

77.    The loan contracts at issue are procedurally unconscionable for at least the following reasons: (i) Defendants maintain unequal bargaining power as compared to consumers who receive such loans; (ii) Defendants have greater economic power, knowledge, experience, and resources than the consumers who receive such loans; (iii) borrowers do not receive an adequate or independent explanation of the terms of the loan agreement; (iv) the loan contracts are form documents prepared exclusively by Defendants and presented to borrowers on a take-it-or-leave-it basis, with no opportunity for negotiation; and (v) the loan contracts constitute consumer contracts of adhesion.

78.    The loan contracts at issue are substantively unconscionable because they impose a cost on the borrower that is overly harsh and disproportionate to the price of credit and related costs. Among other things, Defendants charge interest rates that are more than four times the statutory maximum established by California Financial Code sections 22303 and 22304.5. The terms of the loans have overly harsh consequences, resulting in total interest payments that almost equal the principal amount of the loan. There is also no legitimate basis for charging such exorbitant interest rates.

79.    On top of being unlawful, Defendants' business practices are "unfair" under the UCL. Defendants' acts and omissions violate obligations imposed by statute, are substantially injurious to consumers, offend public policy, and are immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.

80.    Plaintiff and the Class have suffered an injury in fact and lost money or property as a result of Defendants' business practices. Plaintiff and the Class paid illegal interest rates on unenforceable and void loans. Plaintiff also repaid principal that, under the California Financial Code, Defendants were not entitled to because of their willful misconduct.

81.    Pursuant to California law, Plaintiff seeks a public injunction for the benefit of the general public of the State of California that (i) enjoins Defendants from directly or indirectly making, advertising, promoting, or providing loans to consumers in the State of California that violate Financial Code sections 22303, 22304.5, 22305, and/or 22306; (ii) enjoins Defendants from

WARREN
TERZIAN LLP

1  directly or indirectly offering, providing, promoting, advertising, or acting as a service provider for
2  any loans over the maximum interest rate; (iii) requires Defendants to give individualized notice to
3  all borrowers of their rights under California law, including the previously mentioned California
4  Financial Code sections; (iv) requires Defendants to provide individualized notice to each such
5  consumer of the procedures available for enforcing the consumer's rights under applicable
6  California laws; (v) establishes an effective monitoring mechanism to ensure Defendants' continued
7  compliance with the terms of the injunction; and (vi) bars Defendants from collecting or receiving
8  any money on the loans (or alternatively any money in excess of the initial principal amount).

9      82.    Plaintiff and the Class are entitled to restitution of all amounts paid to Defendants
10  pursuant to the loan contracts at issue. Alternatively, in the event of a judicial determination that
11  Defendants' violations of were not willful, Plaintiff and the Class are entitled to restitution of all
12  interest charged on the loans.

13      83.    Defendants are each liable independently, as a co-conspirator, and/or as an alter ego.

14  **SECOND CAUSE OF ACTION**
**for False Advertising (Bus. & Prof. Code §§ 17600 *et seq.*)**
15  **by Plaintiff, on behalf of Plaintiff, all others similarly situated, and the general public,
against Defendants**
16

17      84.    Defendants have committed false advertising and violated Business and Professions
18  Code Sections 17500 *et seq*.

19      85.    Defendants made and disseminated untrue and misleading statements of fact in their
20  advertisements.

21      86.    Defendants did this by advertising that it could lawfully make and enforce loans to
22  Californians at interest rates exceeding 42% APR.

23      87.    Defendants' representations were likely to deceive, and did deceive, Plaintiff and the
24  Class. Defendants knew, or should have known, through the exercise of reasonable care, that these
25  statements were inaccurate and misleading.

26      88.    Defendants' misrepresentations were intended to induce reliance, and Defendants
27  saw, read, and reasonably relied on the statements when entering the loans. Defendants'
28  misrepresentations were a substantial factor in Plaintiff and the Class' decision.

89.     Defendants' misrepresentations were material.

90.     Plaintiff and the Class have suffered an injury in fact and lost money or property as a result of Defendants' false advertising. Plaintiff and the Class paid illegal interest rates on unenforceable and void loans. Plaintiff also repaid principal that, under the California Financial Code, Defendants were not entitled to because of their willful misconduct.

91.     Pursuant to California law, Plaintiff seeks a public injunction for the benefit of the general public of the State of California that (i) enjoins Defendants from directly or indirectly making, advertising, promoting, or providing loans to consumers in the State of California that violate Financial Code sections 22303, 22304.5, 22305, and/or 22306; (ii) enjoins Defendants from directly or indirectly offering, providing, promoting, advertising, or acting as a service provider for any loans over the maximum interest rate; (iii) requires Defendants to give individualized notice to all borrowers of their rights under California law, including the previously mentioned California Financial Code sections; (iv) requires Defendants to provide individualized notice to each such consumer of the procedures available for enforcing the consumer's rights under applicable California laws; (v) establishes an effective monitoring mechanism to ensure Defendants' continued compliance with the terms of the injunction; and (vi) bars Defendants from collecting or receiving any money on the loans (or alternatively any money in excess of the initial principal amount).

92.     Plaintiff and the Class are entitled to restitution of all amounts paid to Defendants pursuant to the loan contracts at issue. Alternatively, in the event of a judicial determination that Defendants' violations of were not willful, Plaintiff and the Class are entitled to restitution of all interest charged on the loans.

93.     Defendants are each liable independently, as a co-conspirator, and/or as an alter ego.

## VIII.  PRAYER FOR RELIEF

Plaintiff, on behalf of himself, the members of the proposed Class, and the general public, requests that this Court award the following relief against Defendants:

a.     an order certifying the Class and designating Plaintiff as Class representative and his counsel as Class counsel;

b.    restitution of all unjust enrichment that Defendants obtained from Plaintiff and the Class as a result of their unlawful, unfair, and fraudulent business practices;

c.    public injunctive relief enjoining Defendants as described herein; and

d.    attorneys' fees and costs.

Dated: September 3, 2024

**WARREN TERZIAN LLP**

Dan Terzian

*Counsel for Plaintiff*
*Joseph Silva*

**DECLARATION OF JOSEPH SILVA**
**PURSUANT TO CAL. CIV. PROC. CODE § 396A(A)**

I, Joseph Silva, declare:

1.      I am a resident of La Mesa, California, which is located in San Diego County. For my loan at issue in this action, I signed the loan contract while I was a La Mesa resident. The loan was primarily intended for personal, family, or household use.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: 9/3/2024

Joseph Silva (Sep 3, 2024 11:53 PDT)
Joseph Silva

16
COMPLAINT

Exhibit 4
24

WARREN
TERZIAN LLP

# EXHIBIT 5

Exhibit 5
25



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 24CU009015C                    CASE TITLE: Silva vs CreditNinja Lending LLC

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
            (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
            (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), **and**
            (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

### Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

### Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

Exhibit 5
26

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

<u>Local ADR Programs for Civil Cases</u>

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection</u>:  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005).  The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More information about court-connected ADR</u>: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:**  The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:**  To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

<u>Legal Representation and Advice</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

Exhibit 5
27

# EXHIBIT 6

Exhibit 6
28

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:    330 W. Broadway | |
| MAILING ADDRESS:    330 W. Broadway | |
| CITY AND ZIP CODE:    San Diego, 92101 | |
| BRANCH NAME:    Central | |

| PLAINTIFF(S):  Joseph Silva |
|---|
| DEFENDANT(S): CreditNinja Lending LLC |
| SHORT TITLE: SILVA VS CREDITNINJA LENDING LLC |

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br>24CU009015C |
|---|---|

Judge: CAROLYN M. CAIETTI                          Department:  C-70

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                    ☐ Non-binding private arbitration

☐ Mediation (private)                            ☐ Binding private arbitration

☐ Voluntary settlement conference (private)      ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                   ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____          Date: _____

Name of Plaintiff                                Name of Defendant

Signature                                        Signature

Name of Plaintiff's Attorney                     Name of Defendant's Attorney

Signature                                        Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 09/04/2024                                JUDGE OF THE SUPERIOR COURT

Exhibit 6
29

# EXHIBIT 7

Exhibit 7
30

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS:   330 W. Broadway
MAILING ADDRESS:   330 W. Broadway
CITY AND ZIP CODE:   San Diego, 92101
BRANCH NAME:   Central
TELEPHONE NUMBER: 619-450-7079

PLAINTIFF(S) / PETITIONER(S):  Joseph Silva

DEFENDANT(S) / RESPONDENT(S):  CreditNinja Lending LLC

SILVA VS CREDITNINJA LENDING LLC

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER: 24CU009015C |
|---|---|

**CASE ASSIGNED FOR ALL PURPOSES TO:**

Judge: CAROLYN M. CAIETTI            Department: C-70

**COMPLAINT/PETITION FILED: 09/03/2024**

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT |
|---|---|---|---|
| Case Management Conference | 01/09/2026 | 9:30 AM | C-70 |

**Case Management Conferences (CMCs) may be conducted virtually or in person.** Anyone wishing to appear remotely should visit the "Appearing for Hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:.** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):

- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

SDSC (Rev. 04-21)     **NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL)**     Page 1

Exhibit 7
31

# EXHIBIT 8

Exhibit 8
32

## NOTICE OF E-FILING REQUIREMENTS
## AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.

Exhibit 8
33

# EXHIBIT 9

Exhibit 9
34

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
*For Court Use Only*
9/17/2024 3:32:44 PM
Clerk of the Superior Court
By T. Automation    ,Deputy Clerk

*Attorney or Party without Attorney:*
Thomas D. Warren (SBN 160921)
WARREN TERZIAN LLP
222 N Pacific Coast Hwy Suite 2000
El Segundo , CA 90245
*Telephone No:* 216-304-4970

*Attorney For:* Plaintiff

*Ref. No. or File No.:*
SILVA V CREDITNINJA

*Insert name of Court, and Judicial District and Branch Court:*
SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF SAN DIEGO

*Plaintiff:* JOSEPH SILVA, an individual on behalf of himself, all others similarly situated, and the general public,
*Defendant:* CREDITNINJA LENDING, LLC, a Delaware limited liability company, et al

| PROOF OF SERVICE SUMMONS | Hearing Date: | Time: | Dept/Div: | Case Number: 24CU009015C |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the Summons; Class Action Complaint; Declaration ofJoseph Silva pursuant to Cal. Civ. Proc. Code § 396a(a); Civil Case Cover Sheet; Notice of Case Assignment and Case Management Conference (Civil); Alternative Dispute Resolution (ADR) Information; Stipulation To Use Alternative Dispute Resolution (ADR); Letter

3. *a. Party served:* CREDITNINJA LENDING, LLC, a Delaware limited liability company
   *b. Person served:* Jackson Yang, Authorized to Accept, Registered Agents Inc., Agent for Service of Process

4. *Address where the party was served:* 720 14th Street, Sacramento, CA 95814

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: Mon, Sep 16 2024 (2) at *(time)*: 09:34 AM

   (1) [X] **(business)**
   (2) [ ] **(home)**
   (3) [ ] **(other)** :

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. [ ] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify)*:
   c. [ ] as occupant.
   d. [X] On behalf of *(specify)*:  CREDITNINJA LENDING, LLC, a Delaware limited liability company
      under the following Code of Civil Procedure section:
      [ ] 416.10 (corporation)              [ ] 415.95 (business organization, form unknown)
      [ ] 416.20 (defunct corporation)       [ ] 416.60 (minor)
      [ ] 416.30 (joint stock company/association)  [ ] 416.70 (ward or conservatee)
      [ ] 416.40 (association or partnership)  [ ] 416.90 (authorized person)
      [ ] 416.50 (public entity)             [ ] 415.46 (occupant)
      [X] other:  Limited Liability Company



Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF
SERVICE
SUMMONS**

*11797788*
*(5884371)*
**Page 1 of 2**

Exhibit 9
35

| Plaintiff: | JOSEPH SILVA, an individual on behalf of himself, all others similarly situated, and the general public, | Case Number: 24CU009015C |
|---|---|---|
| Defendant: | CREDITNINJA LENDING, LLC, a Delaware limited liability company, et al | |

Recoverable cost Per CCP 1033.5(a)(4)(B)

7. **Person who served papers**
   a. Name: Michael Morris
   b. Address: **FIRST LEGAL**
      1517 W. Beverly Blvd.
      LOS ANGELES, CA 90026
   c. Telephone number: (213) 250-1111
   d. **The fee** for service was: $127.94
   e. I am:
      (1) ☐ not a registered California process server.
      (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
      (3) ☒ a registered California process server:
         (i) ☐ owner ☐ employee ☒ independent contractor
         (ii) Registration No: 2012-33
         (iii) County: Sacramento

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

09/17/2024

*(Date)*

Michael Morris

Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF SERVICE SUMMONS**

11797788
(5884371)
Page 2 of 2

Exhibit 9
36

# EXHIBIT 10

Exhibit 10
37

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
*For Court Use Only*
9/17/2024 3:32:44 PM
Clerk of the Superior Court
By T. Automation   ,Deputy Clerk

| | |
|---|---|
| *Attorney or Party without Attorney:*<br>Thomas D. Warren (SBN 160921)<br>WARREN TERZIAN LLP<br>222 N Pacific Coast Hwy Suite 2000<br>El Segundo, CA 90245<br>*Telephone No:*  216-304-4970 | |
| *Attorney For:*  Plaintiff | *Ref. No. or File No.:*<br>SILVA V CREDITNINJA |

*Insert name of Court, and Judicial District and Branch Court:*
SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF SAN DIEGO

*Plaintiff:*  JOSEPH SILVA, an individual on behalf of himself, all others similarly
situated, and the general public,
*Defendant:*  CREDITNINJA LENDING, LLC, a Delaware limited liability company, et al

| **PROOF OF SERVICE**<br>**SUMMONS** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>24CU009015C |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the Summons; Class Action Complaint; Civil Case Cover Sheet; Notice of Case Assignment and Case Management Conference (Civil); Alternative Dispute Resolution (ADR) Information; Stipulation To Use Alternative Dispute Resolution (ADR); Letter

3. *a.  Party served:*   NINJASERVICING, LLC, a Delaware limited liability company
   *b.  Person served:*   Jackson Yang, Authorized to Accept for Registered Agent Solutions, Inc., Agent for Service of Process

4. *Address where the party was served:*   720 14th Street, Sacramento, CA 95814

5. *I served the party:*
   a. **by personal service.**   I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: Mon, Sep 16, 2024 (2) at *(time)*: 09:34 AM

   (1) [X]  (business)
   (2) [ ]  (home)
   (3) [ ]  (other) :

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. [ ]  as an individual defendant.
   b. [ ]  as the person sued under the fictitious name of *(specify)*:
   c. [ ]  as occupant.
   d. [X]  On behalf of *(specify)*:   NINJASERVICING, LLC, a Delaware limited liability company
      under the following Code of Civil Procedure section:
      [ ]  416.10 (corporation)                     [ ]  415.95 (business organization, form unknown)
      [ ]  416.20 (defunct corporation)             [ ]  416.60 (minor)
      [ ]  416.30 (joint stock company/association) [ ]  416.70 (ward or conservatee)
      [ ]  416.40 (association or partnership)       [ ]  416.90 (authorized person)
      [ ]  416.50 (public entity)                    [ ]  415.46 (occupant)
      [X]  other:   Limited Liability Company

| | | |
|---|---|---|
| Judicial Council Form POS-010<br>Rule 2.150.(a)&(b) Rev January 1, 2007 | **PROOF OF**<br>**SERVICE**<br>**SUMMONS** | *11797807*<br>*(5884374)*<br>Page 1 of 2 |

Exhibit 10
38

| Plaintiff: JOSEPH SILVA, an individual on behalf of himself, all others similarly situated, and the general public, | Case Number: 24CU009015C |
|---|---|
| Defendant: CREDITNINJA LENDING, LLC, a Delaware limited liability company, et al | |

Recoverable cost Per CCP 1033.5(a)(4)(B)

7. **Person who served papers**
   a. Name:      Michael Morris
   b. Address:      **FIRST LEGAL**
                 1517 W. Beverly Blvd.
                 LOS ANGELES, CA 90026
   c. Telephone number      (213) 250-1111
   d. **The fee** for service was:    $62.65
   e. I am:
        (1) ☐ not a registered California process server.
        (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
        (3) ☒ a registered California process server:
             (i) ☐ owner ☐ employee ☒ independent contractor
             (ii) Registration No: 2012-33
             (iii) County: Sacramento

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

09/17/2024

*(Date)*

*Michael Morris*

Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF
SERVICE
SUMMONS**

11797807
(5884374)
Page 2 of 2

Exhibit 10
39

# EXHIBIT 11

Exhibit 11
40



**Registered Agent Solutions, Inc.**
*Corporate Mailing Address*
5301 Southwest Parkway, Suite 400
Austin, TX  78735

**Phone:** (888) 705-7274

# SERVICE OF PROCESS RECEIPT

2024-10-07

ATTN: Diana Martinez
**NINJASERVICING, LLC**
222 South Riverside Plaza
Suite 2200
Chicago, IL 60606 USA

<div style="border:1px solid">

### NOTICE OF CONFIDENTIALITY

This notice and the information it contains are intended to be a confidential communication only to the individual and/or entity to whom it is addressed. If you have received this notice in error, immediately call our SOP Department at (888) 705-7274.

</div>

## RE: NINJASERVICING, LLC

This receipt is to inform you that Registered Agent Solutions, Inc. has received a Service of Process on behalf of the above-referenced entity as your registered agent and is hereby forwarding the attached document(s) for your immediate review. A Summary of the service is shown below; however, it is important that you review the attached document(s) in their entirety for complete and detailed information.
 For additional information and instruction, contact the document issuer: WARREN TERZIAN LLP

**SERVICE INFORMATION**
Service Date:      2024-10-07
Service Time:      9:19 AM PDT
Service Method: UPS

**RASi REFERENCE INFORMATION**
Service No.: 0338083
RASi Office:  California
Rec. Int. Id.:  JJV

**CASE INFORMATION**
Case Number: N/A
File Date:      10/4/2024
Jurisdiction:   CALIFORNIA SUPERIOR COURT, SAN DIEGO COUNTY
Case Title:     JOSEPH SILVA, ET AL. V. CREDITNINJA LENDING, LLC, ET AL.

**ANSWER / APPEARANCE INFORMATION**

NA                    *(Be sure to review the document(s) for any required response dates)*

**AGENCY / PLAINTIFF INFORMATION**
Firm/Issuing Agent: WARREN TERZIAN LLP
Attorney/Contact:   DAN TERZIAN
Location:             California
Telephone No.:      213-410-2620

**DOCUMENT(S) RECEIVED & ATTACHED**

 Complaint

**ADDITIONAL NOTES:**

**Questions?** Should you have any questions or need additional assistance, please contact the SOP Department at (888) 705-7274.

You have been notified of this Service of Process by Insta-SOP Delivery, a secure email transmission. The transmitted documents have also been uploaded to your Corpliance account. RASi offers additional methods of notification including Telephone Notification and FedEx Delivery. If you would like to update your account's notification preferences, please log into your Corpliance account at www.rasi.com.

*Thank you for your continued business!*

Exhibit 11
41

1  **WARREN TERZIAN LLP**
   Thomas D. Warren (SBN 160921)
2  *tom.warren@warrenterzian.com*
   Dan Terzian (SBN 283835)
3  *dan.terzian@warrenterzian.com*
   Erick Kuylman (SBN 313202)
4  *erick.kuylman@warrenterzian.com*
   222 N. Pacific Coast Highway, Suite 2000
5  Los Angeles, CA 90245
   T: (213) 410-2620
6
   *Counsel for Plaintiff*
7  *Joseph Silva*

8

9

10

11              SUPERIOR COURT OF THE STATE OF CALIFORNIA
                   FOR THE COUNTY OF SAN DIEGO
12

| 13  JOSEPH SILVA, an individual on behalf of | Case No. |
|---|---|
| 14  himself, all others similarly situated, and the general public, | **First Amended Class Action Complaint for:** |
| 15 | |
| 16         Plaintiff, | 1. **Unfair Competition (California Business & Professions Code §§ 17200 *et seq.*);** |
| 17      v. | 2. **False Advertising (California Business and Professions Code §§ 17500 *et seq.*)** |
| 18  CREDITNINJA LENDING, LLC, a Delaware limited liability company; NINJASERVICING, LLC, a Delaware | **Declaration of Joseph Silva pursuant to Cal. Civ. Proc. Code § 396a(a)** |
| 19  limited liability company; and JOHN DOES 1–10, | |
| 20 | |
| 21         Defendants. | |

22

23

24

25

26

27

28

## I.  INTRODUCTION

1.    Over 200% APR. That's the interest rate on Defendants CreditNinja and NinjaServicing's loans to Plaintiff Joseph Silva, a Californian.

2.    Defendants peddle their high-interest loans in states throughout this nation. In some states, the loans are legal. In other states, like California, the loans are illegal. The maximum interest rate in California has never exceeded 42%.

3.    Defendants' conduct in both sets of states is essentially identical. They market the same loan product, under the same trademarked "CreditNinja" name. They originate the loans. And they service the loans.

4.    The one difference? In states where 200% APR loans are legal, Defendants name themselves as the lender in the loan contracts.

5.    But in states where it's illegal, Defendants name two entities in those contracts: one of Defendants as the loan servicer and a Utah state-chartered bank as the purported lender.

6.    This is a sham. Defendants are the true lender on these loans.

7.    Defendants can't use this rent-a-bank scheme to immunize themselves from California law. Courts have repeatedly held that rent-a-bank schemes and similar rent-a-tribe schemes are illegal and can't circumvent state law. *E.g.*, *Consumer Fin. Prot. Bureau v. CashCall, Inc.*, No. 15-cv-7522, 2016 WL 4820635, at *6 (C.D. Cal. Aug. 31, 2016). These schemes have even landed folks in federal prison. *E.g.*, U.S. Department of Justice, Scott Tucker Sentenced To More Than 16 Years In Prison For Running $3.5 Billion Unlawful Internet Payday Lending Enterprise, https://www.justice.gov/usao-sdny/pr/scott-tucker-sentenced-more-16-years-prison-running-35-billion-unlawful-internet-payday (Jan. 5, 2018).

8.    For these reasons, California law applies to these loans and invalidates them.

9.    This action seeks to hold Defendants accountable for their illegal loans in California. It seeks restitution and a public injunction.

## II.  PARTIES

10.    Plaintiff Joseph Silva is a natural person domiciled in San Diego County, California.

11.     Defendant CreditNinja Lending, LLC is a Delaware limited liability company. CreditNinja Lending does business as CreditNinja. CreditNinja Lending was previously named KMD Partners, LLC. KMD also did business as CreditNinja.

12.     Defendant NinjaServicing, LLC is a Delaware limited liability company.

13.     Plaintiff does not know the names of the defendants sued as John Does 1 through 10 but will amend this complaint when that information becomes known. Plaintiff alleges on information and belief that each of the Doe defendants is affiliated with the named defendant in some respect and is in some manner responsible for the wrongdoing alleged herein, either as a direct participant, or as the principal, agent, successor, alter ego, or co-conspirator of the named defendant. For ease of reference, Plaintiff will refer to the named defendants and the John Doe defendants collectively as "Defendants."

14.     Defendants CreditNinja Lending and NinjaServicing are alter egos of each other and function as a common enterprise. They have a unity of interest and ownership such that they are not legally separate. And upholding the corporate forms would sanction fraud or promote an injustice.

15.     Defendants are also liable as co-conspirators, as they are aware of each others' wrongful conduct, agreed with that conduct, and intended that the wrongful act be committed.

**III.    JURISDICTION AND VENUE**

16.     Venue is proper in this judicial district pursuant to California Code of Civil Procedure section 395(b) because, among other reasons, the borrower resided in this County when he entered the contract.

17.     Because Plaintiff does not allege that he himself lacks an adequate remedy at law with respect to his claim for restitution, there is no federal equitable jurisdiction over that claim. And because Plaintiff brings his claim for public injunctive relief to protect future potential California customers of Defendants, but does not allege that he himself faces an actual or imminent threat of injury, Plaintiff lacks Article III standing to assert a public injunctive relief claim. Since federal courts lack jurisdiction over these claims for relief, removal of this complaint to federal court would be improper.

18.     This action seeks solely restitution of unjust enrichment and public injunctive relief. It does not seek damages.

## IV.    FACTS

**A.    The California Financial Code caps the interest rate on consumer loans under $10,000.**

19.     The California Financial Code limits the interest rate that lenders may charge on loans under $10,000.

20.     CreditNinja Lending is a licensed California Finance Lender and has been since at least 2018.

21.     CreditNinja Lending is therefore subject to the California Financial Code and must comply with it.

**1.    California law caps the interest rate on consumer loans at no more than 42% APR.**

22.     California law limits the interest rates that lenders may charge on consumer loans of $2,500 to $9,999. Cal. Fin. Code § 22304.5. The maximum interest rate for these loans is 36%, plus the federal funds rate. *Id.*

23.     Since January 1, 2020, the federal funds rate has never exceeded 6%.

24.     Thus, the statutory maximum interest rate for all such loans issued since January 1, 2020, has been no greater than 42%.

25.     California law also limits the interest rate on loans under $2,500. The maximum rate on these loans is no more than 30% per year. Cal. Fin. Code § 22303.

**2.    Loans exceeding these limits are void.**

26.     If a lender willfully charges, contracts for, or receives more than the maximum interest rate, the loan contract is void. Cal. Fin. Code § 22750(a). So no person has any right to collect or receive any principal, charge, or recompense in connection with that transaction. *Id.* The same goes if the lender willfully violated the California Financial Code. *Id.* § 22750(b).

27.     If a lender charges, contracts for, or receives more than the maximum interest rate for a reason other than a willful act, the lender forfeits all interest and charges on the loan. Cal. Fin. Code § 22751. All the lender is allowed to collect is the loan's principal. *Id.*

28. To prevent companies from circumventing the law by involving an out-of-state lender at some step in the lending process, California law provides that "[a]ny person who contracts for or negotiates in this state a loan to be made outside the state for the purpose of evading or avoiding the provisions of this division is subject to the provisions of this division." Cal. Fin. Code § 22324.

29. For these reasons, even if a court were to hold (incorrectly) that Defendants do not have the predominant economic interest in the loans and that a bank is the true lender, Defendants would still violate California law by negotiating for and contracting the loans to be made out of state.

30. Defendants willfully violated California law.

**B.    Defendants devise a rent-a-bank scheme in an unsuccessful attempt to evade California law.**

31. In an attempt to create a veneer of legitimacy, Defendants implemented a rent-a-bank scheme. It crafts the loan contract as purportedly between a Utah state-chartered bank (such as Capital Community Bank) and the California consumer. The bank is wholly located in the State of Utah and has no branches outside that state.

32. But what Defendants put on paper does not change the reality: they are the true lenders on these loans.

33. Defendants are the true lender because they handle all acquisition, all marketing, and all servicing of the loans. On information and belief, Defendants also handle all underwriting on the loans.

34. Defendants market the loans as "CreditNinja" loans. "CreditNinja" is a registered trademark owned by CreditNinja Lending. The stated purpose of the trademark is "For: Consumer lending services; Installment loans; providing personal loans and lines of credit."

35. The loans are available only through the website creditninja.com, which is owned and operated by Defendants.

36. Consumers cannot obtain any of these loans through Capital Community Bank. In fact, the bank's website does not mention or reference these loans in any way. Instead, Capital Community Bank focuses exclusively on "serving the banking needs of Utah residents" and

1  "businesses through our branch offices located in St. George, Salem, Provo, Pleasant Grove, Orem,

2  and Sandy"—all cities in Utah.

3      37.    Creditninja.com has a "State Licenses and Disclosures" webpage. That webpage

4  contains "California Disclosures" for all loans issued in California. This disclosure has a copy of

5  California Department of Financial Protection and Innovation licenses for CreditNinja Lending and

6  NinjaServicing.

7      38.    Defendants all share the same corporate address.

8      39.    The managers of both CreditNinja Lending and NinjaServicing are identical. Both

9  entities have the same three managers: Mark Friedgan, Kenneth Schultz, and David Shorr.

10     40.    On creditninja.com, Defendants boast about how they issue the loans through the

11  platform:

> CreditNinja's online personal loans offer a convenient way to borrow
> money from the comfort of your home. They can be used for a variety of
> purposes and offer a straightforward application process. CreditNinja
> can guide you through the process and help you understand what to
> expect when applying for an online personal loan.
>
> ....
>
> At CreditNinja, we offer personal loan products including traditional
> installment loans. Our flexible repayment terms are meant to be a more
> sustainable financial solution over other kinds of quick loans.
>
> ....
>
> A CreditNinja loan is designed to provide borrowers with their approved
> funds ASAP. We know that when you're going through a stressful
> financial situation, you need your money fast. That's why our
> application allows for a streamlined approval process consumers can
> complete in just a few minutes!
>
> ....
>
> At CreditNinja, our interest rates (and APR) depend on what product
> you pick, how much money you borrow, and your financial history. We
> try to keep our eligibility criteria easy and attainable, so while approved
> borrowers must have a source of income and a bank account, there is no
> minimum credit score requirement!

41.    On creditninja.com, Defendants also instruct all website visitors on the process of

obtaining loans through the website. For example, the website instructs that:

    •    "Apply online easily";

-    "Our online application is quick and simple. All you need is to provide some basic information";

-    "CreditNinja is here to provide a safe and reliable option for borrowers struggling with low credit.... CreditNinja gives borrowers options for larger loan amounts, competitive rates, and longer repayment periods than many other online lenders"; and

-    "Once you sign for your loan, your money may get directly deposited the same day."

42.  All of the statements on the creditninja.com website are representations by Defendants. None are made by or on behalf of any Utah bank.

43.  Defendants are nationwide lenders. In states without usury laws, on information and belief, Defendants identify one of themselves as the lender in the loan contracts.

44.  However, in states with usury laws that prohibit these high-interest loans (such as California), Defendants employ the rent-a-bent scheme and claim that the loans are issued by a Utah state bank (such as Capital Community Bank), with Defendants supposedly just "servic[ing]" and "maintain[ing]" the loans through Defendants' website.

45.  This rent-a-bank scheme is a sham. Defendants are the true lenders.

46.  Defendants' loans issued under this rent-a-bank scheme specify that:

-    Payments shall be delivered to CreditNinja (not to the bank); and

-    Correspondence concerning the loan must be sent to CreditNinja.

**C.  Defendants issued usurious loans to Mr. Silva.**

47.  Mr. Silva learned of Defendants through communications that he received from them by mail and email.

48.  Defendants have issued two usurious loans to Mr. Silva.

49.  For example, in February 2024, Mr. Silva applied for a loan through creditninja.com.

50.  On his loan application, Mr. Silva listed his home address in California.

51.  Defendants approved the loan application.

52.  Defendants issued Mr. Silva a loan of $1,100 with an interest rate of over 220%, more than *eight times* California's statutory maximum.

1     53.     The loan contract is a pre-printed form contract. The terms were dictated by

2   Defendants, and Plaintiff had no opportunity for negotiation or modification.

3  **V.    PUBLIC INJUNCTIVE RELIEF**

4     54.     Plaintiff seeks a public injunction for the benefit of the general public of the State of

5  California. Public injunctive relief is relief that by and large benefits the general public. *McGill v.*

6  *Citibank, N.A.*, 2 Cal. 5th 945, 955 (2017). Any benefits to the plaintiff are either incidental or come

7  from him being a member of the general public. *Id.*

8     55.     Injunctive relief under the UCL is relief that has "the primary purpose and effect" of

9  prohibiting unlawful acts that threaten future injury to the general public. *Id.*

10     56.     Public injunctive relief can be sought by any person who has lost money as a result of

11  the unfair business practice. *Id.* at 959.

12     57.     Obtaining public injunctive relief does not require class certification. *Id.* at 960.

13     58.     Defendants' business practices threaten future injury to the general public of the

14  State of California.

15     59.     Defendants' business practices are injurious to the general public. Public injunctive

16  relief is therefore warranted.

17  **VI.   CLASS ALLEGATIONS**

18     60.     Plaintiff brings this lawsuit as a class action under the California Code of Civil

19  Procedure. The putative class ("Class") is defined as follows:

20         *Class 1*: All individuals in California who, within four years prior to the
           filing of this complaint, obtained a loan from, through, by way of, or with
21         the assistance of Defendants with:

22           (a) an original principal loan amount of between \$2,500 and
            \$9,999, inclusive, and an APR of 43% or greater;
23

24           (b) an original principal loan amount of between \$1 and \$349,
            inclusive, and an APR of 30.1% or greater;

25           (c) an original principal loan amount of between \$350 and \$499,
            inclusive, and an APR of 27.9% or greater;
26

27           (d) an original principal loan amount of between \$500 and \$999,
            inclusive, and an APR of 26.8% or greater; *and/or*

28

(e) an original principal loan amount of between $1,000 and $2,499, inclusive, and an APR of 24.8% or greater.

Excluded from Class 1 are all employees of Defendants and any judicial officer assigned to this case.

*Class 2*: All individuals in California who, within four years prior to the filing of this complaint, made any payments on any loan obtained from, through, by way of, or with the assistance of Defendants where that loan:

(a) was issued on or after January 1, 2020, with an original principal loan amount of between $2,500 and $9,999, inclusive, and an APR of 43% or greater;

(b) was issued with an original principal loan amount of between $1 and $349, inclusive, and an APR of 30.1% or greater;

(c) was issued with an original principal loan amount of between $350 and $499, inclusive, and an APR of 27.9% or greater;

(d) was issued with an original principal loan amount of between $500 and $999, inclusive, and an APR of 26.8% or greater; *and/or*

(e) was issued with an original principal loan amount of between $1,000 and $2,499, inclusive, and an APR of 24.8% or greater.

Excluded from Class 2 are all employees of Defendants and any judicial officer assigned to this case.

61.    For the purposes of this complaint, Class 1 and Class 2 are collectively referred to as the Class.

62.    *Numerosity*. The size of the Class comprises at least hundreds of persons. The size of the Class grows daily.

63.    *Ascertainability*. The members of the Class can be ascertained from Defendants' business records.

64.    *Common Questions of Fact or Law*. The lawsuit is suitable for class treatment because questions of law and fact have common answers that are the same for the Class, and those questions predominate over questions affecting only individual members. These common questions of law and fact include:

• Whether Defendants are the true lender on the loans;

• Whether the loans are governed by California law;

1          • Whether Defendants willfully charged an interest rate in excess of what's allowed under California law;

2          • Whether Defendants' noncompliance with California law is willful;

3          • Whether the loans are void; and

4          • The appropriate remedies for Defendants' misconduct.

65.    *Typicality and Adequacy.* Plaintiff's claims are typical of the claims of the members of the Class. The evidence and the legal theories about Defendants' alleged wrongful conduct are substantially the same for Plaintiff and all members of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class and have no interests adverse to them.

66.    *Superiority.* This action is superior to other available methods for fairly and efficiently adjudicating the issues. Class certification will not present any significant management difficulties. Class certification would also conserve judicial resources and avoid the possibility of inconsistent judgments. The expense and burden of individual litigation would make it very difficult or impossible for individual Class members to redress the wrongs done to them without a class action.

67.    *Conduct on Grounds that Apply to the Class.* Defendants have acted or refused to act on grounds that apply generally to the Class.

## VII.    CAUSES OF ACTION

68.    Plaintiff re-alleges and incorporates by reference all the preceding paragraphs and allegations in each of the following causes of action.

### FIRST CAUSE OF ACTION
#### for Unfair Competition (Bus. & Prof. Code §§ 17200 *et seq.*)
**by Plaintiff, on behalf of Plaintiff, all others similarly situated, and the general public, against Defendants**

69.    The Unfair Competition Law, Business and Professions Code sections 17200 *et seq.* ("UCL"), defines unfair competition to include any "unlawful" or "unfair" business act or practice. Cal. Bus. & Prof. Code § 17200.

70.    Plaintiff and the Class' loan transactions with Defendants are "consumer loans" under California Financial Code section 22203.

71.     Plaintiff and the Class' loans with Defendants have interest rates that are more than quadruple the legal limit in California.

72.     By issuing loans to Plaintiff and the Class that bear interest in excess of the maximum rate authorized by the California Financial Code, Defendants have engaged in a business practice that is "unlawful" under the UCL. *De La Torre v CashCall, Inc.*, 5 Cal. 5th 966, 976–81 (2018) (the UCL "supplies a cause of action to police" conduct that is declared unlawful by the California Financial Code).

73.     In connection with Plaintiff and the Class' loan transactions, Defendants willfully contracted for, charged, and received interest in excess of the maximum rate permitted by California Financial Code sections 22303 and 22304.5.

74.     Apart from the rent-a-bank scheme, Defendants are separately liable because they violated California Financial Code section 22324. "Any person who contracts for or negotiates in this state a loan to be made outside the state for the purpose of evading or avoiding the provisions of this division is subject to the provisions of this division." Cal. Fin. Code § 22324. Defendants contracted for a loan to be purportedly made outside California for the purpose of evading California interest rate caps.

75.     The loan contracts at issue are "unlawful" under the UCL because the loans violate California Civil Code section 1670.5 and California Financial Code section 22302(b). California Civil Code section 1670.5 states: "If the court finds as a matter of law the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract ...." California Financial Code section 22302(b) states: "A loan found to be unconscionable pursuant to Section 1670.5 of the Civil Code shall be deemed to be in violation of this division and subject to the remedies specified in this division."

76.     Separately, a loan contract that includes an interest rate term so high that it is "unreasonably ... harsh," "unduly oppressive," or "so one-sided as to shock the conscience" is deemed unconscionable. *See De La Torre*, 5 Cal. 5th at 972. A contract or its terms is unconscionable if it is both procedurally and substantively unconscionable. *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 114 (2000).

77.     The loan contracts at issue are procedurally unconscionable for at least the following reasons: (i) Defendants maintain unequal bargaining power as compared to consumers who receive such loans; (ii) Defendants have greater economic power, knowledge, experience, and resources than the consumers who receive such loans; (iii) borrowers do not receive an adequate or independent explanation of the terms of the loan agreement; (iv) the loan contracts are form documents prepared exclusively by Defendants and presented to borrowers on a take-it-or-leave-it basis, with no opportunity for negotiation; and (v) the loan contracts constitute consumer contracts of adhesion.

78.     The loan contracts at issue are substantively unconscionable because they impose a cost on the borrower that is overly harsh and disproportionate to the price of credit and related costs. Among other things, Defendants charge interest rates that are more than four times the statutory maximum established by California Financial Code sections 22303 and 22304.5. The terms of the loans have overly harsh consequences, resulting in total interest payments that almost equal the principal amount of the loan. There is also no legitimate basis for charging such exorbitant interest rates.

79.     On top of being unlawful, Defendants' business practices are "unfair" under the UCL. Defendants' acts and omissions violate obligations imposed by statute, are substantially injurious to consumers, offend public policy, and are immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.

80.     Plaintiff and the Class have suffered an injury in fact and lost money or property as a result of Defendants' business practices. Plaintiff and the Class paid illegal interest rates on unenforceable and void loans. Plaintiff also repaid principal that, under the California Financial Code, Defendants were not entitled to because of their willful misconduct.

81.     Pursuant to California law, Plaintiff seeks a public injunction for the benefit of the general public of the State of California that (i) enjoins Defendants from directly or indirectly making, advertising, promoting, or providing new loans to consumers in the State of California that violate Financial Code sections 22303, 22304.5, 22305, and/or 22306; and (ii) enjoins Defendants

1  from directly or indirectly offering, providing, promoting, advertising, or acting as a service provider

2  for any new loans over the maximum interest rate.

3      82.    Plaintiff and the Class are entitled to restitution of all amounts paid to Defendants

4  pursuant to the loan contracts at issue. Alternatively, in the event of a judicial determination that

5  Defendants' violations of were not willful, Plaintiff and the Class are entitled to restitution of all

6  interest charged on the loans.

7      83.    Defendants are each liable independently, as a co-conspirator, and/or as an alter ego.

8  <div align="center">**SECOND CAUSE OF ACTION**</div>

9  <div align="center">**for False Advertising (Bus. & Prof. Code §§ 17600 *et seq.*)**
**by Plaintiff, on behalf of Plaintiff, all others similarly situated, and the general public,**
**against Defendants**</div>

10

11      84.    Defendants have committed false advertising and violated Business and Professions

12  Code Sections 17500 *et seq.*

13      85.    Defendants made and disseminated untrue and misleading statements of fact in their

14  advertisements.

15      86.    Defendants did this by advertising that it could lawfully make and enforce loans to

16  Californians at interest rates exceeding 42% APR.

17      87.    Defendants' representations were likely to deceive, and did deceive, Plaintiff and the

18  Class. Defendants knew, or should have known, through the exercise of reasonable care, that these

19  statements were inaccurate and misleading.

20      88.    Defendants' misrepresentations were intended to induce reliance, and Defendants

21  saw, read, and reasonably relied on the statements when entering the loans. Defendants'

22  misrepresentations were a substantial factor in Plaintiff and the Class' decision.

23      89.    Defendants' misrepresentations were material.

24      90.    Plaintiff and the Class have suffered an injury in fact and lost money or property as a

25  result of Defendants' false advertising. Plaintiff and the Class paid illegal interest rates on

26  unenforceable and void loans. Plaintiff also repaid principal that, under the California Financial

27  Code, Defendants were not entitled to because of their willful misconduct.

28

91.     Pursuant to California law, Plaintiff seeks a public injunction for the benefit of the general public of the State of California that (i) enjoins Defendants from directly or indirectly making, advertising, promoting, or providing new loans to consumers in the State of California that violate Financial Code sections 22303, 22304.5, 22305, and/or 22306; and (ii) enjoins Defendants from directly or indirectly offering, providing, promoting, advertising, or acting as a service provider for any new loans over the maximum interest rate.

92.     Plaintiff and the Class are entitled to restitution of all amounts paid to Defendants pursuant to the loan contracts at issue. Alternatively, in the event of a judicial determination that Defendants' violations of were not willful, Plaintiff and the Class are entitled to restitution of all interest charged on the loans.

93.     Defendants are each liable independently, as a co-conspirator, and/or as an alter ego.

## VIII.   PRAYER FOR RELIEF

Plaintiff, on behalf of himself, the members of the proposed Class, and the general public, requests that this Court award the following relief against Defendants:

a.     an order certifying the Class and designating Plaintiff as Class representative and his counsel as Class counsel;

b.     restitution of all unjust enrichment that Defendants obtained from Plaintiff and the Class as a result of their unlawful, unfair, and fraudulent business practices;

c.     public injunctive relief enjoining Defendants as described herein; and

d.     attorneys' fees and costs.

Dated: October 4, 2024                          **WARREN TERZIAN LLP**

Dan Terzian

*Counsel for Plaintiff*
*Joseph Silva*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### DECLARATION OF JOSEPH SILVA
### PURSUANT TO CAL. CIV. PROC. CODE § 396A(A)

I, Joseph Silva, declare:

1.     I am a resident of La Mesa, California, which is located in San Diego County. For my loan at issue in this action, I signed the loan contract while I was a La Mesa resident. The loan was primarily intended for personal, family, or household use.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: 9/3/2024 _____

Joseph Silva (Sep 3, 2024 11:53 PDT)
_____
Joseph Silva

WARREN
TERZIAN LLP

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

4

     I am over the age of 18 and not a party to this action. I am employed in the county where the

5

service occurred; my business address is 222 N. Pacific Coast Highway, Suite 2000, Los Angeles,

CA 90245.

6

     On the undersigned date, I caused to be served the following documents:

7

        **First Amended Complaint**

8

I caused the documents to be served on the interested parties:

9

10

CreditNinja Lending, LLC                    NinjaServicing, LLC
c/o Registered Agent Solutions Inc.         c/o Registered Agent Solutions, Inc.
720 14th Street                             720 14th Street

11

Sacramento, CA 95814                        Sacramento, CA 95814

12

13

14

     I enclosed the documents in an envelope or package provided by an overnight delivery

15

carrier and addressed to the interested parties. I placed the envelope or package for collection and

16

overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

17

18

     I declare under penalty of perjury under the laws of the State of California that the foregoing

19

is true and correct.

20

21

Dated: October 4, 2024

22

                       Dan Terzian

23

24

25

26

27

28

16

COMPLAINT
Exhibit 11
57

Apply shipping documents on this side.

Do not use this envelope for:

UPS Ground®
UPS Standard®
UPS 3 Day Select®
UPS Worldwide Expedited®

learn more
s Services.

REF #2: VN

BILLING: P/P

TRACKING #: 1Z OH7 675 44 1957 5610

UPS NEXT DAY AIR

S 1 S

CA 958 9-03

SACRAMENTO CA 95814-1905

SHIP C/O REGISTERED AGENT SOLUTIONS INC
TO: NINJA SERVICING, LLC
720 14TH ST

ORN TERZIAN
(213) 465-5787
THE UPS STORE #3268
555 S FAIR OAKS AVE
STE 101
PASADENA CA 91105-2657

SHP WT: LTR
DATE: 04 OCT 2024
0.1 LBS LTR 1 OF 1

NINJA SERVICING, LLC
720 14TH ST
SACRAMENTO CA 95814

P: GREEN  8: MW

1564

**Saturday**
Delivery

**Place directly below address label**
011189 2/07 RRD

Visit **theupsstore.cor**

**Domestic Shipments**

· To qualify for the Letter rate,
correspondence, urgent docu...
weigh 8 oz. or less. UPS Express Envelope...
those listed or weighing more than 8 oz

**International Shipments**

· The UPS Express Envelope may be used
value. Certain countries consider electro...
ups.com /importexport to verify if your s

· To qualify for the Letter rate, the UPS Exp
UPS Express Envelopes weighing more th

**Note:** Express Envelopes are not recomme
containing sensitive personal information
or cash equivalent.

Serving you for more than 100 years
United Parcel Service.

01880250709  08/21   **United Parcel Service**

International Shipping Notice – Carriage hereunder may be subject to the rules relating to liability and other terms and/or conditions established by the Convention for the Unification of Certain Rules Relating to International Carriage by Air (the "Warsaw Convention") and/or the Convention on the Contract for the International Carriage of Goods by Road (the "CMR Convention"). These commodities, technology or software were exported from the U.S. in accordance with the Export Administration Regulations. Diversion contrary to U.S. law prohibited.

Exhibit 11
58