UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH SILVA, *an individual on behalf of himself, all others similarly situated, and the general public*,<br><br>Plaintiff,<br><br>v.<br><br>CREDITNINJA LENDING, LLC, et al.,<br><br>Defendants. | Case No. 24-cv-1870-MMA-AHG<br><br>**NOTICE AND ORDER PROVIDING TENTATIVE RULINGS RE: PLAINTIFF'S MOTION TO REMAND**<br><br>[Doc. No. 4] |

On January 15, 2025, the parties in this action will appear before the Court for a hearing on Plaintiff's motion to remand. In anticipation of the hearing, the Court issues the following tentative ruling.

The Court tentatively **GRANTS** Plaintiff's motion. Here, Plaintiff pleads two claims under California law, and he seeks only a public injunction and restitution as relief. The Court tentatively finds that Plaintiff lacks Article III standing to pursue public injunctive relief. *See McGovern v. U.S. Bank N.A.*, No. 18-CV-1794-CAB-LL, 2020 U.S. Dist. LEXIS 228062, at *5–6 (S.D. Cal. Dec. 3, 2020) ("Plaintiff does not have (and cannot allege) Article III standing to seek public injunctive relief because public injunctive relief is categorically incompatible with Article III standing.") (citing *Rogers v. Lyft, Inc.*, 452 F. Supp. 3d 904, 919 (N.D. Cal. 2020)). Further, the Court tentatively

finds that Plaintiff's decision to abandon specific types of public injunctive relief he previously sought does not change this result.

Moreover, the Court tentatively finds that it lacks equitable jurisdiction to award Plaintiff restitution because Plaintiff does not plead that he lacks an adequate remedy at law. The Court tentatively notes that it is doubtful a defendant can satisfy the *Sonner* pleading requirement and ultimate burden of proving a lack of adequate remedy at law for a plaintiff who has chosen to do neither. But assuming Defendants can, the Court tentatively finds that the factual allegations and theories underlying his claims, including the Unfair Competition Law prongs, do not differ.

Finally, the Court tentatively finds that Defendants did not properly brief the factors necessary to obtain a stay pursuant to *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936) and that a stay pending resolution of the appeal in *Ruiz v. The Bradford Exch., Ltd.*, No. 3:23-CV-01800-WQH-KSC, 2024 U.S. Dist. LEXIS 100731, at *6 (S.D. Cal. May 16, 2024), USCA No. 24-3378, is not necessary or proper on these facts, including in light of the clearly emerging consensus that remand is appropriate in cases removed pursuant to CAFA but where the district court lacks subject matter and equitable jurisdiction to grant relief. Accordingly, the Court tentatively concludes that remand is appropriate.

As these rulings are tentative, the Court looks forward to the oral arguments of counsel.

**IT IS SO ORDERED**.

Dated: January 13, 2025

HON. MICHAEL M. ANELLO
United States District Judge